**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Victoria Foutz, | | C/A No.: |
| | Plaintiff, | **COMPLAINT** |
| v. | | |
| United States of America, | | |
| | Defendant. | |

COMES NOW the Plaintiff, by and through undersigned counsel, complaining of the Defendant, alleges and says as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Victoria Foutz ("Plaintiff"), at all times relevant to this complaint, is a citizen and resident of Marion County, South Carolina.

2. Defendant United States of America ("Defendant") is sued pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for the negligent acts and omissions of employees of the United States Postal Service ("USPS") who were acting within the course and scope of their federal employment at all times relevant to this action.

3. This Court has original jurisdiction over this action pursuant to the FTCA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402, as the District of South Carolina is the judicial district where Plaintiff resides and where the acts or omissions giving rise to this claim occurred.

## PROCEDURAL HISTORY

5. On or about May 21, 2025, Plaintiff mailed a formal demand letter accompanied with a Standard Form 95 ("SF-95") Claim for Damage, Injury, or Death to the USPS Tort Claims and Collections office, presenting her claim arising from the incident described herein.

1

6. More than six months have elapsed since Plaintiff presented her administrative claim to the USPS, and the agency has failed to make final disposition of the claim.

7. Plaintiff has exhausted all administrative remedies as required by 28 U.S.C. § 2675(a).

## STATEMENT OF FACTS

8. At all times relevant to this action, the United States Post Office located at 201 South Main Street, Marion, South Carolina 29571 ("Post Office") was owned, operated, maintained, and controlled by the USPS, an agency of the United States government.

9. At all times relevant to this action, USPS employees working at the Post Office were acting within the scope of their federal employment.

10. On November 22, 2023, at approximately 3:00 PM, Plaintiff lawfully entered the Post Office as a business invitee for the purpose of conducting postal business.

11. Upon information and belief, when Plaintiff entered the Post Office on November 22, 2023, there was a rug positioned in the entrance/doorway that was in a hazardous and dangerous condition; specifically, the rug was unsecured, loose, and had upturned or curled edges.

12. As Plaintiff entered the Post Office on November 22, 2023, her foot caught on the upturned edge of the unsecured and/or loose rug, causing her to trip and fall forward with significant force.

13. Plaintiff was unable to catch herself or break her fall, and she fell face-first into the metal post-office boxes lining the walls of the Post Office.

14. The force of the impact caused Plaintiff to sustain immediate, severe, and painful injuries to her face, head, arms, knees, and other parts of her body.

15. The upturned and unsecured condition of the rug created an unreasonably dangerous tripping hazard in the entrance of the Post Office.

16. Upon information and belief, the dangerous condition of the rug existed for a sufficient period of time that USPS employees knew or should have known of the hazard through the exercise of reasonable care and inspection.

17. The hazardous condition of the rug was not open and obvious to Plaintiff or other patrons entering the Post Office, and there were no visible warning signs alerting Plaintiff or other patrons of the hazardous condition of the rug.

18. As a direct and proximate result of the fall caused by the negligent acts and omissions of the USPS employees at the Post Office, Plaintiff sustained serious and painful injuries.

## FOR A FIRST CAUSE OF ACTION
### Negligence

19. Plaintiff restates and re-alleges every allegation set forth above as if stated herein verbatim.

20. At all times relevant to this action, USPS employees working at the Post Office owed Plaintiff, as a business invitee, a duty to exercise reasonable care to maintain the premises in a reasonably safe condition, to discover foreseeable unreasonable risks of harm, and to either eliminate such risks or adequately warn Plaintiff of the same.

21. USPS employees breached their duties to Plaintiff by failing to properly inspect, secure, maintain, repair, replace, or remove the hazardous condition posed by the rug within the Post Office entrance.

22. As a direct and proximate result of the negligent acts and/or omissions of the USPS employees, Plaintiff sustained serious bodily injuries and suffered pain and suffering, mental anguish, emotional distress, medical expenses, loss of enjoyment of life, and other damages.

3

23. The fall and resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent acts and/or omissions of the USPS employees including, but not limited to, the following:

   a. In failing to keep their floor rugs properly repaired and fit for public use;

   b. In failing to observe the hazardous condition of the rug;

   c. In failing to take reasonable precautions to keep the Post Office's business visitors/patrons safe from preventable, hazardous conditions;

   d. In failing to replace the rug on which Plaintiff tripped over on November 22, 2023; and

   e. In failing to reasonably and/or adequately warn Plaintiff and/or other business visitors/patrons of the hazardous condition of the rug;

24. As a direct and proximate result of the negligent acts and/or omissions of the USPS employees, Plaintiff sustained serious bodily injuries and suffered mental anguish, emotional distress, medical expenses, loss of enjoyment of life, and other damages.

25. Plaintiff is entitled to recover actual and compensatory damages from Defendant in an amount to be determined by the Court, together with taxable costs and such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment on all issues presently raised or that may be raised in any pleadings hereafter and further seeks:

   i.    Judgment against Defendant for compensatory damages to fairly and reasonably compensate Plaintiff;

   ii.   To award Plaintiff her taxable costs, post-judgment interest as allowed by law; and

iii.     For all other and further relief the Court may deem just and proper.

Respectfully submitted,

**COBB HAMMETT & ANDREWS, LLC**

Jennifer S. Johnson, Esq.
Federal ID No.: 14052
222 W. Coleman Blvd.
Mount Pleasant, SC 29464
Ph:  (843) 310-1455
Fax:  (843) 604-9217
jjohnson@cobbhammett.com

Mount Pleasant, South Carolina
May  18 , 2026